RICHARD B. TEITELMAN, JUDGE '
I respectfully dissent. Section 536.087.1 provides' that the prevailing party in “an agency proceeding or civil action arising therefrom, brought by or against the State, shall be” awarded attorney fees. The principal opinion holds that Mother is not entitled to attorney fees because the underlying agency proceeding was a child support dispute between Mother and Father and, as such, was not brought “by or against” FSD. While FSD may not have been a party to the underlying agency proceeding, FSD is a party to Mother’s petition for judicial review of the FSD child support order. Further, Mother’s petition for review was necessitated by FSD’s award of insufficient child support. Consequently, FSD is a party to the civil action arising from the underlying agency proceeding and should be liable for attorney fees if Mother can demonstrate that she is a prevailing party and that FSD’s position was not substantially justified.
In the civil action for review of the FSD child support order, FSD took the position that its child support order was justified. Prior to judicial resolution of this issue, Mother and Father entered a settlement in which Father agreed to pay more child support than the amount ordered by FSD. The court approved the settlement. This Court has held that a party can prevail by obtaining a favorable settlement. Greenbriar Hills Country Club v. Dir. Of Revenue, 47 S.W.3d 346, 353 (Mo. banc 2001). Mother’s settlement for a more generous child support award means that she was a prevailing party within the meaning of section 536.087. For these reasons, I would reverse the trial court’s decision dismissing Mother’s claim for attorney fees and remand the case for further proceedings.